**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISPIN MORA,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   16-70722<br><br>Agency No. A087-002-449<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Crispin Mora, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and

dismiss in part the petition for review.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Mora's motion to reopen as untimely, where he filed the motion more than a year after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to establish that equitable tolling of the filing deadline was warranted due to a lack of continuance or alleged notary fraud, *see Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) (The court recognizes equitable tolling "during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error.").

Contrary to Mora's contention, the BIA did not base its sua sponte determination on the untimeliness of the motion, and we otherwise lack jurisdiction to review the BIA's discretionary denial of sua sponte reopening. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Because these determinations are dispositive, we do not reach Mora's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**